UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**FORD MOTOR COMPANY,** a Delaware corporation,

    *Plaintiff,*

**v.**

**RS INTERNATIONAL, LLC,** a Delaware limited liability company,

    *Defendant.*

Case No.

Hon.

# COMPLAINT FOR DECLARATORY JUDGMENT AND DEMAND FOR JURY TRIAL



Plaintiff, Ford Motor Company ("Ford"), by its attorneys, Brooks Kushman P.C., as and for its Complaint against Defendant RS International, LLC ("RSI") alleges as follows:

## I.   NATURE OF THE ACTION

1. Ford seeks a declaration pursuant to 28 U.S.C. §§2201 *et seq.* adjudging that its use and registration of the mark ROYAL SHIELD does not infringe any right of RSI and does not constitute false designation of origin or unfair competition.

## II.   THE PARTIES

2. Plaintiff Ford is a Delaware corporation having its principal place of business at One American Road, Dearborn, Michigan 48126.

3. On information and belief, Defendant RSI is a limited liability company organized under the laws of Delaware, having a principal place of business at 37 Prescott Drive, North Chelmsford, Massachusetts 01863.

## III.   JURISDICTION

4. This Court has jurisdiction over this action under 15 U.S.C. § 1121 (trademark), 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a)(original jurisdiction under Trademark Laws of the United States) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.*, and 28 U.S.C. § 2201 and 2202 in that this case is for a declaratory judgment.

5. Venue is proper in this judicial district under 28 U.S.C. §1391.



1

6. On information and belief, this Court has general and specific personal jurisdiction over RSI because it conducts business in the State of Michigan and within this district, including the advertising and sale of the products at issue through retailers and the Internet to Michigan residents. RSI also filed an Opposition to Ford's application in the U.S. Patent and Trademark Office for registration of the mark ROYAL SHIELD and it is pending.

7. In light of RSI's pending opposition against Ford, an actual case or controversy has arisen between the parties. The pending action is based on RSI's claim that Ford's use of the mark ROYAL SHIELD in connection with warranty services constitutes trademark infringement, false designation of origin, and unfair competition. These claims threaten injury to Ford.

### IV. FACTS COMMON TO ALL COUNTS

8. Ford is a global manufacturer of automobiles, trucks, repair and replacement parts, and accessories.

9. Ford, through its authorized dealers, also provides used vehicle limited warranty services. Since at least April 1999, Ford has continuously and extensively used the mark ROYAL SHIELD ("the ROYAL SHIELD Mark"), alone and in combination, on or in connection with the advertising, marketing and sale of used vehicle limited warranty services throughout the United States.

10. The warranty services Ford provides and has provided under the ROYAL SHIELD Mark are for the repair or replacement of certain internal vehicle components pertaining to the engine, transmission, electrical, front and rear wheel drive, and brakes. These services are hereinafter referred to as "the



Royal Shield Service Warranty." The Royal Shield Service Warranty does not cover external vehicle components.

11. Ford sells its Royal Shield Service Warranties to authorized dealers who then provide it to used vehicle purchasers at no additional cost.

12. Ford authorized dealers provide used vehicle purchasers with the Royal Shield Service Warranty terms and conditions at the time of sale. The terms and conditions state that Ford will provide the services covered under the warranty.

13. Royal Shield Service Warranties are provided for up to 12 months (or 12,000 miles) from the date of purchase.

14. Ford has spent hundreds of thousands of dollars and expended significant effort in advertising and promoting the Royal Shield Service Warranty to its authorized dealers throughout the United States.

15. Ford's extensive advertising and promotion of the Royal Shield Service Warranty has resulted in extensive sales, as well as services by Ford to used vehicle purchasers. Ford, therefore, has established considerable goodwill in the ROYAL SHIELD Mark and it has become widely known and recognized as a symbol of Ford's high quality warranty services.

16. The ROYAL SHIELD Mark is arbitrary, nonfunctional, and distinctive, either inherently or through establishment of acquired distinctiveness.

17. The ROYAL SHIELD Mark symbolizes the business goodwill of Ford, and is an intangible asset of substantial commercial value.



18. On January 14, 2014, Ford filed a trademark application with the U.S. Patent and Trademark Office (Ser. No. 86/165039), based on a first use date at least as early as April 1999, for the mark ROYAL SHIELD for use in connection with "extended warranty services, namely automobile service contracts; providing extended warranties on automobiles."

19. On March 18, 2014, the USPTO issued a Notice of Publication indicating its finding that Ford's ROYAL SHIELD Mark would be entitled to a Certificate of Registration if no third-party successfully opposed the application within the time allowed.

20. On April 15, 2014, RSI filed a Notice of Opposition with the USPTO's Trademark Trial and Appeal Board ("TTAB") claiming that RSI would be damaged by registration of Ford's ROYAL SHIELD Mark.

21. In its Notice of Opposition, RSI alleged that it owns common law trademark rights in ROYAL SHIELD based on its alleged use of the mark since September 29, 1997 in connection with "automotive and vehicle paint sealant product and services, and automotive and vehicle warranty services concerning the same" (hereinafter "the RSI Goods").

22. Upon information and belief, RSI does not own a state or federal trademark registration for the mark ROYAL SHIELD for the RSI Goods.

23. Upon information and belief, RSI sells ROYAL SHIELD-branded paint sealant and undercoating for automobiles, aircraft and watercraft, which RSI guarantees with a 90-day repair warranty for surfaces treated with the same. Upon information and belief, RSI's 90-day repair warranty is limited to the



exterior surface of vehicles treated with RSI's ROYAL SHIELD-branded paint sealant and undercoating. Upon information and belief, RSI does not charge an additional fee for its 90-day guarantee.

24. Upon information and belief, RSI does not sell and has not sold warranty services under the mark ROYAL SHIELD independent of the 90-day guarantee it provides at no additional cost with the purchase of ROYAL SHIELD-branded paint sealant or undercoating.

25. Upon information and belief, RSI does not sell or provide, and has not sold or provided, warranty repair or replacement services for interior vehicle components, such as the engine, transmission, electrical, front and rear wheel drive, and brakes, under the mark ROYAL SHIELD.

26. Upon information and belief, RSI does not sell and has not sold the RSI Goods through Ford-authorized dealers. Therefore, upon information and belief consumers have not and will not encounter the Royal Shield Service Warranty and the RSI Goods in the same location anywhere in the United States.

27. Ford directs its advertising and promotion of the Royal Shield Service Warranty to authorized dealers only, not end consumers. Therefore, the Royal Shield Service Warranty and the RSI Goods do not travel in and are not marketed via the same channels of trade.

28. Ford is not aware of any instances over the past 15 years in which any authorized dealers or end consumers have confused the source or origin of its Royal Shield Service Warranty with the RSI Goods.



29. Upon information and belief, RSI knew or should have known of Ford's use of the ROYAL SHIELD Mark for the past 15 years.

30. Despite RSI's knowledge of the nature and scope of Ford's use of the ROYAL SHIELD Mark for the past 15 years, RSI did not object or otherwise claim to be harmed by Ford's use of the ROYAL SHIELD Mark until it filed its Notice of Opposition in April 2014.

31. Nevertheless, RSI has alleged in its Notice of Opposition that RSI and Ford's warranty services are confusingly similar, causing a likelihood of confusion and actual confusion as to the source and/or origin of RSI and Ford's respective ROYAL SHIELD-branded goods and services. During Opposition proceedings, RSI has stated its opposition to Ford's use and registration of ROYAL SHIELD.

32. In its Notice of Opposition, RSI has requested that Ford's application for the ROYAL SHIELD Mark be denied.

33. There is no likelihood of confusion in the parties' respective uses of ROYAL SHIELD because, among other things: (1) RSI and Ford offer distinctly different products — RSI provides a 90-day guarantee with the purchase of ROYAL SHIELD-branded goods on the exterior finish of automobiles, aircraft and watercraft on which ROYAL SHIELD-branded products have been applied, whereas Ford offers repair or replacement warranty services for various interior vehicle components of used automobiles; (2) RSI and Ford have distinctly different target markets – Ford only sells the Royal Shield Service Warranty to



Ford-authorized dealers; and (3) RSI Goods and Ford's warranty services are advertised and marketed through very different channels of trade.

34. Moreover, over the past 15 years, RSI has without justification or excuse sat on its hands while Ford invested in advertising and promoting the ROYAL SHIELD Mark to build good will and enhance its value. Any claim that RSI may have once had for alleged infringement of its trademark rights in ROYAL SHIELD is now barred under the doctrines of laches, estoppel, acquiescence, and/or waiver.

### V. COUNT I
### DECLARATORY JUDGMENT OF NON-INFRINGEMENT (TRADEMARK)

35. Ford repeats and realleges each and every allegation contained within the preceding paragraphs of this Complaint as though fully set forth herein.

36. Ford's use of the ROYAL SHIELD Mark for its Royal Shield Service Warranty does not state or imply any connection to RSI or the RSI Goods.

37. Ford's warranty services are distinctly different than the RSI Goods, RSI and Ford have distinctly different target markets, and RSI's Goods and Ford's warranty services are advertised and marketed through very different channels of trade.

38. Upon information and belief, RSI's use of ROYAL SHIELD commenced after Ford's use of the ROYAL SHIELD Mark and, thus, Ford has priority of use.



7

39. Ford's use and registration of the ROYAL SHIELD Mark is not likely to cause confusion, mistake, or to deceive the public as to the source, origin, sponsorship or affiliation of Ford's services.

40. RSI has not been injured and will not be injured by Ford's use or registration of the ROYAL SHIELD Mark.

41. Ford's use and registration of the ROYAL SHIELD Mark, does not violate RSI's alleged rights pursuant to Section 32 or 43 of the Lanham Act, 15 U.S.C. § 1114, 1125(a), nor any state infringement or unfair competition laws, and RSI is not entitled to enjoin or prevent Ford from using or registering the ROYAL SHIELD Mark in connection with the promotion or sale of its services.

42. Because of RSI's allegations and pending USPTO Opposition, an actual, present and justiciable controversy has arisen between Ford and RSI concerning Ford's right to use and register the ROYAL SHIELD Mark in connection with Ford's warranty services.

43. Therefore, Ford seeks a declaratory judgment from this Court that (a) its use and registration of the ROYAL SHIELD Mark has not and is not likely to create confusion, mistake or a deception in the marketplace as to the origin, source, sponsorship or affiliation of Ford's Royal Shield Service Warranty, (b) consumers are not likely to believe that Ford's Royal Shield Service Warranty have been authorized, sponsored, approved, endorsed or licensed by RSI, and (c) Ford has not otherwise violated Section 32 or 43 of the Lanham Act, or other applicable federal or state laws.



2:14-cv-12514-VAR-RSW Doc # 1 Filed 06/26/14 Pg 10 of 13 Pg ID 10

## VI. COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF TRADEMARK RIGHTS AND/OR LIMITATION OF SCOPE OF TRADEMARK RIGHTS

44. Ford repeats and realleges each and every allegation contained within the preceding paragraphs of this Complaint as though fully set forth herein.

45. Upon information and belief, RSI does not use and has not used the mark ROYAL SHIELD in connection with services, but rather with products that include a 90-day guarantee on the exterior finish of automobiles, aircraft and watercraft on which ROYAL SHIELD-branded products have been applied.

46. RSI's belated claim that Ford's use and registration of the ROYAL SHIELD Mark for warranty services for the repair or replacement of certain exterior components of used vehicles is an encroachment on RSI's trademark rights is an improper attempt by RSI to expand its narrow trademark rights, to the extent any exist, beyond the scope of RSI's actual use of ROYAL SHIELD.

47. Therefore, to the extent RSI has any trademark rights in ROYAL SHIELD, they must be limited to the nature and scope of RSI's actual use, which is not related or confusingly similar to Ford's Royal Shield Service Warranty. Claims by RSI of broader trademark rights in the mark ROYAL SHIELD are nonexistent and invalid.



## VII.   COUNT III
## DECLARATORY JUDGMENT THAT RSI IS BARRED FROM SEEKING DAMAGES OR EQUITABLE RELIEF UNDER THE DOCTRINES OF LACHES, ESTOPPEL, ACQUIESCENCE, AND/OR WAIVER

48.   Ford repeats and realleges each and every allegation contained within the preceding paragraphs of this Complaint as though fully set forth herein.

49.   RSI intentionally and inexcusably sat on its alleged trademark rights by failing to take legal action against Ford, despite the fact that RSI knew or should have known of the nature and scope of Ford's use of the ROYAL SHIELD Mark.

50.   Over the past 15 years, RSI has watched Ford expand and invest in the ROYAL SHIELD Mark without objection.

51.   Ford relied on RSI's inaction when it invested in advertising and promoting the Royal Shield Service Warranty under the ROYAL SHIELD Mark.

52.   Ford would suffer material prejudice if it was enjoined from using or registering the ROYAL SHIELD Mark for its warranty services or if an adverse monetary award were imposed against Ford.

53.   Because of its unjustified and inexcusable delay in asserting its alleged rights, RSI has forfeited its alleged rights under law and equity to any form of damages or equitable relief for Ford's use and registration of the ROYAL SHIELD Mark.

54.   RSI is barred from seeking damages, or equitable relief, under the doctrines of laches, estoppel, acquiescence and/or waiver.



## VIII.   PRAYER FOR RELIEF

WHEREFORE, Ford prays that this Court enter judgment against RSI and in favor of Ford on its claims as follows:

A.   For a declaration that RSI's alleged trademark rights are not infringed by Ford's use and registration of the ROYAL SHIELD Mark, alone or in combination with other terms and/or designs, on and in connection with Ford's Royal Shield Service Warranty;

B.   For a declaration that Ford's use and/or registration of the ROYAL SHIELD Mark, alone or in combination with other terms and/or designs, on and in connection with Ford's Royal Shield Service Warranty, does not create a likelihood of confusion, does not constitute false designation of origin or unfair competition, and does not violate any federal or state law;

C.   For a declaration that RSI's alleged rights in ROYAL SHIELD beyond the scope of its actual use are invalid and unenforceable;

D.   For a declaration that any claim that RSI may have had for Ford's alleged infringement of its trademark rights in ROYAL SHIELD are barred under the doctrines of laches, estoppel, acquiescence, and/or waiver;

E.   For recovery of damages adequate to compensate Ford for RSI's allegations of infringement, false designation of origin and unfair competition and threat of litigation;



F. For an assessment against RSI of Ford's costs, attorney's' fees and expenses due to the exceptional nature of this case;

G. For a declaration permanently enjoining RSI from asserting claims against Ford, filing actions against Ford, maintaining actions against Ford, or making any threats against Ford for infringement or interfering in any way with Ford's use and registration of the ROYAL SHIELD Mark; and

H. For such other relief as the Court may deem just and proper.

## VI. JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

Dated: June 26, 2014

  /s/ Frank Angileri
FRANK ANGILERI         (P45611)
CHANILLE CARSWELL      (P53754)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
Tel: (248) 358-4400 / Fax: (248) 358-3351
Email:  fangileri@brookskushman.com
        ccarswell@brookskushman.com

*Attorneys for Plaintiff*

